UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

RONALD A. BARKER, TDOC #1494365, )
    a/k/a GEORGE N. BAILEY )
)
v. ) No. 2:09-CV-44
)
TONY PARKER, Warden )

## MEMORANDUM and ORDER

This *pro se* state prisoner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his confinement under a state court judgment of convictions. Petitioner also has filed an application to proceed *in forma pauperis*, which is **GRANTED**. (Doc. 1). However, for the reasons which follow, respondent will not be required to answer the petition at this time.

The face of the petition reflects that petitioner was convicted of several drug-related offenses by a jury in the Criminal Court for Sullivan County, Tennessee on April 1, 2004. For these offenses, he was sentenced to an effective sentence of sixteen [16] years imprisonment on June 21, 2004, in absentia, having fled to Florida in the interim. *Barker v. State*, No. 2007-00195-CCA-R3-PC, 2008 WL 440438, at *1 (Tenn. Crim. App. Feb. 9, 2008), *perm. to app. den.* (Tenn. 2008). Petitioner did not carry an appeal to the Tennessee Court of Criminal Appeals, though he sought two

avenues of state collateral relief. He was unsuccessful both under Tennessee's Post-Conviction Procedure Act, *see* Tenn. Code Ann. § 40-30-101 *et seq.*, as well as state habeas corpus law, *see* Tenn. Code Ann. § 29-21-101 (2000). *Id.*; *Barker v. Parker*, No. W2010- 00881-CCA-R3-HC, 2010 WL 3516434 (Tenn. Crim. App. Sept. 9, 2010), *perm. app. den.* (Tenn. 2011)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a writ of habeas corpus. 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly filed application for state post-conviction or other collateral relief. 28 U.S.C. § 2244(d)(2). The first circumstance is the one which applies to this case.

Petitioner was convicted on April 4, 2004, and sentenced on June 21, 2004. Petitioner took no direct appeal and, thus, his convictions and judgment became final on July 21, 2004, upon the lapse of the time for seeking an appeal. *Barker*, 2008 WL 440438, at *3 (" Because no notice of appeal or applicable post-trial motion was filed

2

in this case, the judgments in this case became final on July 21, 2004."). On that date, AEDPA's one-year clock started ticking.

It continued to tick for 365 days and expired on July 22, 2005. This § 2254 petition was filed under the "mailbox rule" on March 11, 2009[1]—some three years and eight months after the lapse of the statute of limitations. However, as noted, § 2244(d)(2) contains a tolling mechanism which stops the statute from running during the pendency of a properly filed post-conviction or collateral review proceeding.

The record shows that petitioner filed a petition for post-conviction review on January 2, 2007, which ultimately was ruled to be untimely. *Barker*, 2008 WL 440438, at *14; *Barker*, 2010 WL 3516434, at *1. A motion to reopen the post-conviction petition was filed on August 18, 2008, and later denied. *See* Pet., Attach. No. 1 at 10-27, Judge Jerry R. Beck's Order of September 18, 2008; *Id.* at 32-35, *Barker v. State*, No. E2008- 02304-CCA-R28-PC (Tenn. Crim. App. Jan. 21, 2009) (unpublished order). Also unsuccessful were petitioner's state habeas corpus and declaratory judgment actions. *Barker*, 2010 WL 3516434; *Barker*, 2010 WL 3516434, at *2.

---

[1] The "mailbox rule" as recognized in *Houston v. Lack*, 487 U.S. 266, 270 (1988), deems a pleading to be filed on the date that it is handed to prison officials for mailing. The face of the envelope containing the instant petition reflects that it was passed to the prison authorities for mailing on this date.

3

The Court recognizes that petitioner has striven mightily to challenge his convictions and judgment. Regrettably for petitioner, none of the above filings can toll § 2244(d)'s one-year period because, by the time those petitions and actions were filed, the AEDPA's statute of limitations had long since lapsed and there was nothing left to toll. *See Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

This petition, therefore is untimely and will be dismissed, unless within ten days of the date on this Order, petitioner shows cause as to why dismissal of this § 2254 case would be unwarranted.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE