RONALD A. BARKER, TDOC #149436, )
    a/k/a GEORGE N. BAILEY )
)
v. ) No. 2:09-CV-44
)
TONY PARKER, Warden )

## MEMORANDUM

On August 18, 2011, the Court ordered this *pro se* state prisoner to show cause as to why his petition for a writ of habeas corpus, 28 U.S.C. § 2254, should not be dismissed as untimely, (Doc. 19). Petitioner has responded to that order, alleging various reasons for avoiding a dismissal based on the one-year statute of limitations applicable to § 2254 petitions, (Doc. 20).

### I. Equitable Tolling

The limitations statute in 28 U.S.C. § 2244(d), which governs the filing of habeas corpus petitions, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). The equitable tolling doctrine, used only in rare cases where circumstances beyond a petitioner's control have prevented him from timely raising a habeas corpus claim, precludes a strict application of the one-year statute of limitations in 28 U.S.C. § 2241(d)(1). *See Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). To warrant equitable tolling,

a petitioner is required to show: 1) "that he has been pursuing his rights diligently," and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Holland*, 130 S.Ct at 2562). A petitioner bears the burden of establishing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

## II. **Petitioner's Arguments**

Petitioner suggests, in his response, that AEDPA's statute of limitations should not apply for many reasons—most of which are irrelevant to the issue at hand but mere reassertions of claims raised in his belated petition. Among the marginally-pertinent reasons presented in support of equitable tolling are these:

1) following petitioner's sentencing in absentia on June 21, 2004, his court-appointed counsel, Gene Scott, Jr., withdrew from the representation and failed to file a notice of appeal, despite petitioner issuing him instructions to do so on April 1, 2004, before petitioner fled to Florida;

2) the trial court failed to comply with state law by reappointing counsel for the absent petitioner after Mr. Scott withdrew:

3) petitioner could not predict that a) he would be arrested for D.U.I. on June 12, 2004, in Florida and remain in jail for sixteen days, causing him to miss his June 21, 2004, sentencing hearing in Sullivan County, Tennessee; or b) that he would be arrested April 13, 2005, in Florida on a Sullivan County failure-to-appear charge and

2

that Tennessee authorities would refuse to extradite him until April 18, 2006, which caused the statute of limitations for filing a post-conviction petition in Tennessee to expire; and

    4) petitioner could not predict certain actions on the part of Tennessee courts and officials, including the state court's finding that his post-conviction petition was time-barred, its rejection of his application for permission to appeal, and its denial of his state habeas corpus petition, or state correctional authorities' denial of a declaratory order he sought, claiming that he was falsely imprisoned due to being restrained by void state court judgments.

### III. Analysis

Unfortunately for petitioner, each argument "seems more the consequence of a lack of diligence than of 'circumstances beyond [his] control.'" *Hall*, 662 F.3d at 751. Petitioner had knowledge of the state court sentencing hearing and there is no suggestion that his absence from that proceeding was occasioned by anything other than a decision to flee made knowingly and voluntarily. Instead, his absence resulted from choices over which he had control, including whether to flee to Florida, whether to drive while under the influence of intoxicants, and whether to deceive the Florida authorities who detained him on the D. U. I. offense as to his true identity. A diligent petitioner would have remained in Sullivan County, used all legal means necessary and available to vindicate the rights allegedly violated during his state drug-related

3

prosecution, and would not have fled the jurisdiction.

This analysis remains unchanged by petitioner's argument that, on April 1, 2004, after his conviction but prior to his sentencing, he directed Attorney Scott to file a notice of appeal. Significantly, however, there was no judgment from which to appeal at that time since "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793, 798 -799 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L.Ed. 204 (1937)). And too, lawyers must consult with their clients on matters of appeal, so state the professional rules governing attorney conduct. With petitioner's whereabouts unknown to Mr. Scott, counsel could not possibly have complied with his professional obligations in pursuing an appeal in petitioner's absence.

## IV. Conclusion

The Court **FINDS** that equitable tolling is not justified in this case and that the petition is untimely. It will be **DISMISSED** for this reason.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4